**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eugene VESSEL, Defendant-**
**Appellant.**

**No. 73-3360**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1974.

Rehearing Denied Feb. 20, 1974.

John J. Dolan, New Orleans, La. (Court-appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was convicted on a two count indictment for distribution of heroin in violation of 21 U.S.C.A. § 841 (a)(1). We affirm.

 During the course of the trial, the Judge commented that "we are going to let all of these exhibits go into the jury room with the jury except for the actual heroin * * *." There was no objection to this comment. Realizing his error, however, the District Judge carefully and thoroughly instructed the jury that it had been improper for him to refer to the white powdery substance as "the actual heroin", that they were to totally disregard this comment, and that it was their duty as the fact finder to determine whether the Government exhibit was in fact heroin. In view of the Court's curative instruction, we find no plain error in the Court's earlier comment.

 Under cross-examination appellant admitted that he had previously been convicted for possession of marijuana and possession and transportation of heroin. Following this testimony the Government introduced certified copies of these convictions into evidence. These copies were never shown or called to the attention of the jury and at the request of the Government they were not allowed to be taken into the jury room.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Once the defendant on trial fully admitted the two prior convictions about which he was interrogated on cross-examination, no legitimate evidentiary purpose remained for the introduction of certified copies of the prior judgments of conviction. The prosecuting attorney should not have offered them and it was error for the trial court to admit them in evidence. But under the circumstances of this case we think the error was harmless beyond a reasonable doubt. Since the copies were not exhibited to the jury, their receipt in evidence was not prejudicial to the defendant on trial, Vessel. Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L. Ed. 1557; United States v. Steinkoenig, 5 Cir., 1973, 487 F.2d 225.

Affirmed.